WICKER, Judge.
Joyce Dusaules, the plaintiff in this personal injury suit, appeals the dismissal by summary judgment of one of the defendants, The Roman Catholic Church of the Archdiocese of New Orleans. [Two other defendants, The Congregation of Incarnate Word Roman Catholic Church and Archbishop Chappelle High School, were dismissed on exceptions in the same judgment; but these dismissals have not been appealed.] The issue is whether the hearing on the motion for summary judgment should have been continued to enable Du-saules to serve and depose a co-defendant, Sister Martha McGuire. We affirm.
*396 Dusaules was injured in an automobile accident with a car driven by McGuire on May 12, 1991. She filed suit on April 27, 1992, naming several defendants in addition to McGuire. One of those defendants, The Archdiocese, was named because McGuire was allegedly “an employee, agent, representative, nun and teacher ... acting within the course and scope of her employment, on a joint mission, or involved for the benefit of” the Archdiocese. On May 7th, the Archdiocese moved for summary judgment on the basis that McGuire was operating her own car for her own purposes on the date of the accident, a Sunday; and a hearing on the motion was scheduled for July 10, 1992. Attached to the motion were affidavits, including that of McGuire which said that the car she was driving on the date of the accident was not owned, leased or controlled by the Archdiocese; that she was not acting in the course and scope of her employment by the Archdiocese but was acting solely in her own behalf; and that she was not engaged in a joint venture or joint mission with the Archdiocese or acting for the benefit of the Archdiocese.
On July 8th Dusaules moved to continue the hearing on the summary judgment because she had been unable as yet to take McGuire’s deposition in order to rebut the allegations of her affidavit. Her counsel attached an affidavit in support and argued to the court that he had not yet been able to serve or depose McGuire. He asked for additional time so that he could produce countervailing evidence of Archdiocesan liability, pointing out that it would not take long and that the Archdiocese would not be prejudiced by the delay. The judge granted the summary judgment, ruling
I see that the affidavits are here, there are no countervailing affidavits to indicate any reason why I should not. She [McGuire] has addressed all of the issues, indicating that she — the car was not owned, leased, or otherwise controlled by the Archdiocese, that she was not in the course and scope....
I think all of the issues are addressed in her affidavit_ [Tjhere’s been a couple of months time period where she could have been found, could have been deposed; Mr. Paciera’s [counsel for the Archdiocese] been in the case for that long of a period of time, I assume he would have found her for any deposition. That’s the way counsel do, so I am not changing my mind....
La.C.Civ.P. art. 967 makes the question of a continuance discretionary with the judge.
There is no absolute right to delay action on a motion for summary judgment until discovery is completed. Under C.C.P. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits or the judge may allow further affidavits or discovery to take place.
[[Image here]]
The only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.
Simoneaux v. E.I. DuPont de Nemours, 483 So.2d 908, 912-13 (La.1986) (emphasis by the court).
We see neither “probable injustice” nor abuse of discretion in the judge’s denial of a continuance. We therefore affirm the summary judgment in favor of the Roman Catholic Church of the Archdiocese of New Orleans dismissing Joyce Dusaules’ suit against it.
AFFIRMED.